### Joseph Speed vs. The State.

1. RECORD: *Indictment. Code of 1871, § 2794.*
The record must show that the indictment was returned into court in the mode prescribed by the statute. Where the record shows that the grand jury returned into court "numbers 779, 780," etc., without stating that they were indictments, the court cannot presume that they were indictments; but, conceding that they were indictments, the failure to give the number of the indictment set forth in the transcript is fatal.

ERROR to the Circuit Court of *Covington* County.

Hon. URIAH MILLSAPS, Judge.

Joseph Speed was indicted for retailing by the grand jury of Covington county.

The record only shows that the grand jury returned into

court certain numbers therein set forth, without indicating what those numbers represent, whether indictments or not, or whether the indictment set forth in the record was represented by any one of those numbers. He was tried and convicted, and prosecuted this writ of error, and assigns for error the defect in the record above indicated.

*B. Taylor*, for plaintiff in error :

Cited and commented on the Code of 1871, § 2794, and asked that the indictment be quashed.

*G. E. Harris*, Attorney General, for the State :

Cited same authority, asked that the whole record be explored, and, if the indictment is quashed, defendant should be held to answer a new indictment.

CHALMERS, J., delivered the opinion of the court.

The entry upon the minutes as to the return of the indictment into court, as the same is shown by the amended transcript sent up in obedience to the *certiorari*, is as follows :

"The grand jurors of the state of Mississippi, elected, impaneled, sworn, and charged to inquire in and for the body of the county of Covington and state of Mississippi, at the present term of this court, returned into open court, through their foreman, in the presence of more than twelve of the other grand jurors, numbers 779, 780, 781, 782, 783, 784, 785, 786, 788, 789, 790, 791, 792."

Then follows the recital of the clerk, "which said indictment, with the indorsements thereon, is in the words and figures following, to wit :" setting forth the indictment, but giving no number to it.

It is thus seen that the minutes fail to show what kind of documents they were which are indicated by the numbers given. They are not stated to be indictments. The grand jury are only stated to have returned "numbers 779, 780," etc. They may have been reports ; at all events we cannot presume that they were indictments.

But, if we concede them to have been indictments, the failure

12

to give the number of the indictment set forth in the transcript renders it impossible to ascertain whether its number is included in those stated to have been returned by the grand jury.

The judgment is reversed and indictment quashed. Defendant will be held to await the action of another grand jury.